Davidson *v.* Thompson.

---

## DAVIDSON *vs.* THOMPSON.

1. Bill for an account of rents, and for partition of a strip fifty feet long by five feet wide, being the rear boundary line of the lots of the complainant and defendant. Decree, that each party is entitled to the half of the strip which adjoins his own premises, and, if the parties are agreed as to the direction of the line, division will be ordered to be made by a line drawn through the middle of the strip, parallel to, and equally distant from the sides, without the delay or expense of appointing commissioners.

2. A tenant in common is not, in general, accountable to his co-tenants

for rents; but when he takes possession of the premises, and excludes his co-tenant and takes the rent therefor, he must account for the rent, deducting expenses for repairs and taxes.

This case was argued on bill, answer, and proofs.

*Mr. W. B. Williams*, for complainant.

*Mr. W. Brinkerhoff*, for defendant.

THE CHANCELLOR.

The bill is for partition and an account of rents. The land is a strip of fifty feet long by five feet wide. It is situate in the rear of a lot of the complainant, on Washington street, in Jersey City, and, also, of a lot of the defendant on Montgomery street. It adjoins no street, and would be of little or no value to any one but the complainant or defendant. It would add to the extent or value of the lot of either; and the half of it adjoining either would add to its value, to the extent of the area thus annexed. Its loss would be no injury to either, beyond the loss of the extent of area. To either, it, or half of it, would simply be an addition of area.

The title, extent, and boundaries are admitted; and the first question is, whether it ought to be divided or sold. In partition suits, a sale is never ordered unless a partition cannot be made without great prejudice to the interest of the owners, and this must be so determined by the court. I cannot see that a partition of this strip would be any prejudice whatever to the interest of the owners. I am not authorized, therefore, to direct a sale. In this case, each party will be entitled to the half of the lot which adjoins his own premises, and the division must be made by a line drawn through the middle, parallel to, and equally distant from the sides; and if the parties are agreed as to the direction of this line, such division can be ordered by the decree, without the delay or expense of appointing commissioners.

The defendant has been in exclusive possession of the whole lot since 1865, and the complainant asks for an account of the rents or annual value. A joint tenant in possession, is accountable to his co-tenants for rents. The rule as to tenants in common is different. A tenant in common is not, in general, liable, unless he has excluded his co-tenant from the premises, or unless he has taken and kept possession of such premises as are not capable of a joint occupation, which is, in effect, an exclusion of his co-tenant. In this case, the defendant took exclusive possession of this strip, by re-building the woodshed on it, and renting it to the tenant of his lot. This is equivalent to excluding the complainant, and he must account for rent, deducting expenses for repairs and taxes. That rent will necessarily be small, only one-half of the amount which this strip may have added to the rent paid by the tenant. If it has not, in fact, increased that rent, the amount to be accounted for will be nothing.