218 N.J. Super. 472 (1987)
528 A.2d 53
STEPHEN VALLILLO, PLAINTIFF-APPELLANT,
v.
MUSKIN CORPORATION, S.K. PLASTICS CORPORATION, DAVIS SWIM POOL CENTER AND EDWARD VALLILLO AND DONNA VALLILLO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1987.
Decided June 29, 1987.
*473 Before Judges FURMAN, SHEBELL and STERN.
George J. Duffy argued the cause for appellant (Baker, Garber, Duffy & Baker, attorneys; George J. Duffy, on the brief).
Bruce E. Helies argued the cause for respondents Vallillo (Wolff, Helies & Duggan, attorneys).
The opinion of the court was delivered by SHEBELL, J.A.D.
Plaintiff, Stephen Vallillo, appeals from a summary judgment entered in the Law Division in favor of defendants, Edward Vallillo and Donna Vallillo.
Summary judgments in this action have previously been entered in favor of defendants, Muskin Corporation ("Muskin"), S.K. Plastics Corporation ("S.K."), and Davis Swim Pool Center ("Davis") by direction of another panel of this court. Vallillo v. Muskin Corp., 212 N.J. Super. 155 (App.Div. 1986) (motion for leave to file an interlocutory appeal to Supreme Court denied October 30, 1986).
Plaintiff was invited to a "cousins" swim party at the home of defendants, Edward Vallillo and Donna Vallillo. Plaintiff suffered multiple fractures of his cervical spine with dislocations when he struck his head on the bottom of the above-ground *474 pool upon the premises when attempting a dive. Plaintiff asserts that he attempted a shallow dive because he knew that the pool was no deeper than four feet, but that his feet went up over his head propelling him into the bottom of the pool with such force as to cause a six inch deep imprint of his head in the plastic liner on the soft bottom of the pool. The 23 year old plaintiff was six feet, four inches tall and weighed 190 pounds at the time of his injury.
The pool was manufactured by Muskin and sold by Davis to a third party from whom defendants purchased it used. The pool required a replacement liner as Edward Vallillo was unable to properly install the original liner. He purchased a new liner manufactured by S.K.
The wall of the pool contained the words "DANGER  DO NOT DIVE" in only one location. Edward personally constructed a deck around approximately eight feet of the circular above-ground pool thereby covering the one sign which related to the danger of diving. Defendant, Edward Vallillo, admitted in his deposition that his intended use of the deck was to jump in the pool, which to him included diving.
The warranty from S.K. which accompanied the plastic replacement liner stated:
IMPORTANT ... FOR YOUR HEALTH & SAFETY ... PLEASE NOTE ... this swimming pool does not have sufficient depth for diving. do not dive. do not allow others to dive into this swimming pool. diving is dangerous. [(emphasis added)].
Edward testified that he never read the warranty or the warnings from S.K. and that he did not instruct anyone not to dive or how they were to use the pool. He acknowledged that he knew you were not supposed to dive into a pool such as this. Plaintiff testified that Edward himself was the first to dive into the pool and that everyone was diving, jumping and horsing around at a party where the Vallillos served beer and invited the guests to bring their own bottle.
In considering whether the Law Division was correct in granting summary judgment we ask first, whether there was a genuine issue of material fact and, if not, whether the motion *475 judge's ruling on the law was correct. Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2. If the papers show there is no material issue, then summary judgment should be granted. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954).
Defendants Vallillo maintain that they had no duty to warn plaintiff as he was merely a social guest and had knowledge of the risks involved as evidenced by his intention to do a shallow dive. They urge that even assuming that they had breached a duty to the plaintiff, the breach could not be a proximate cause of the accident under the holding of Vallillo v. Muskin Corp., supra, that "[i]f the user of a product knows ... the ... danger of which the warning would have apprised him, but chooses to disregard that conscious knowledge, then the presence or absence of the warning is irrelevant." 212 N.J. Super. at 159-160.
We accept, for the purpose of resolving the issue before us, that plaintiff was a social guest enjoying no greater status than that of a licensee. See Berger v. Shapiro, 30 N.J. 89, 96 (1959); Pearlstein v. Leeds, 52 N.J. Super. 450, 455-456 (App.Div. 1958), certif. den. 29 N.J. 354 (1959). Although plaintiff was upon defendants' land as a result of a written invitation, he is not entitled to as high a degree of care for his safety in certain respects as one who is on the premises to confer other than a purely social benefit upon the inviters. Berger, 30 N.J. at 96; Taneian v. Meghrigian, 15 N.J. 267, 275 (1954).
Here, however, the liability of defendants cannot be categorized as relating exclusively to a static condition of the land. In addition, liability may in part be predicated upon the activities of the landowners which contributed to their guest's injury. See Cropanese v. Martinez, 35 N.J. Super. 118, 122-123 (App. Div. 1955). Defendants, as landowners, had an obligation only *476 to warn plaintiff of any dangerous conditions upon the land which were known to them. Taneian, 15 N.J. at 275. Nonetheless, they would be liable for their negligence in the course of things done on the land as well as for any failure to use reasonable care to prevent injury from dangers they created. Id. at 276.
Therefore, the question of whether defendants breached their duty to plaintiff cannot be answered by taking so narrow a view as to look only at the condition, namely, the shallowness of the pool. We must bring into focus all of the additional facts surrounding the activities upon the land which a jury may find from the available evidence, including the expert testimony.
The proposed expert testimony in this case reflects that the pool industry has been made acutely aware of the danger of diving in pools such as this and has established an industry safety standard of not merely warning of the danger but of prohibiting diving from above ground pools of this depth. A jury could find that defendants had knowledge of this prohibition through the legend on the wall of the pool, which they covered over, and also through the written materials supplied with both the replacement liner and the pool. A jury could also find that defendant's construction of the deck increased the likelihood that diving would occur and that defendants not only failed to make known the prohibition against diving, but that Edward himself dove into the pool and permitted all of his guests including the plaintiff to dive.
The Restatement, Torts 2d, § 342 (1965 & App. 1986) calls for the imposition of liability upon a possessor of land for injury to licensees caused by a condition on the land if
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
(c) the licensees do not know or have reason to know of the condition and the risk involved.
In the circumstances of this case, when the facts are viewed from the perspective we have indicated, the imposition of liability *477 is, in our opinion, consistent with the provisions of § 342 in light of its requirement that the injured party not have reason to know either of the condition or of the risk involved and that the possessor warn of both the condition and the risk.
It has been held that where the guest is aware of the dangerous condition or by a reasonable use of his faculties would observe it, the host is not liable. Pearlstein, 52 N.J. Super. at 456-457. It is unquestioned that plaintiff was aware of the exact depth of the pool prior to his errant dive. Plaintiff proposes to offer expert testimony that the average person in his circumstances would not realize the risk of diving into the pool in question whereas full knowledge of the risk and dangers involved was available to the defendants. If a jury accepts such opinion evidence, liability should not be precluded merely because plaintiff knew of the shallowness of the pool.
It is for the jury to determine whether or not the plaintiff was aware of the risk involved in attempting a shallow dive in light of the conditions known to him. That jury question must be viewed in light of the expert's opinion as to the ability of a person in plaintiff's circumstances to appreciate the risk and also in light of defendants' conduct, including their depriving plaintiff of knowledge of the prohibition against diving and their failure to enforce the pool industry's prohibition pursuant to the literature which came with the liner.
We do not agree with defendants Vallillos' view that the issue of whether their negligence was a proximate cause of plaintiff's injuries is identical to the issue of whether the failure of the other defendants, Muskin, S.K. and Davis, to properly warn was the proximate cause of those injuries. Even if we were to impute to the plaintiff knowledge that his conduct had the potential for causing significant injury, as our brethren did in Vallillo I, 212 N.J. Super. at 161, it is quite clear that the Vallillos were in a far different position than the other defendants in that the Vallillos had not merely the ability to warn by placing a *478 notice upon the product, but were present and had the duty and apparent ability to control the activities upon their premises.
It was held in the first Vallillo appeal that even if there was a failure to provide an adequate warning it would have been immaterial on the issue of proximate cause because from plaintiff's own testimony "before diving, while diving, and after he hit the water, he was conscious of some danger inherent upon hitting the bottom." We distinguish the issue here from Vallillo I because of the further duty owned by these property owner defendants. A jury could reasonably find that the Vallillos knew of the prohibition against diving, prevented plaintiff from having notice of the prohibition and actively facilitated and condoned the prohibited conduct of diving by erecting the platform and violating the prohibition. The jury could also have determined on the available evidence that the Vallillos' duty obligated them to provide an immediate, verbal warning to plaintiff and others prior to their diving and not to encourage diving by diving themselves and by making no objection to general diving by others. The jury could then have determined that defendants' breach of their duty owed to plaintiff was in fact a proximate cause of plaintiff's diving into defendants' pool and sustaining his injury.
We reverse and remand.