246 N.J. Super. 406 (1991)
587 A.2d 1295
HARRY M. SWARTZ AND RENEE SWARTZ, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH BECKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1991.
Decided March 11, 1991.
*408 Before Judges ANTELL, SCALERA and KEEFE.
Hannoch Weisman, attorneys for appellant (David M. Roskos and Scott A. Carver, on the brief).
Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer and Gladstone, attorneys for respondents (William L. Brach, on the brief).
PER CURIAM.
Defendant appeals from an order granting summary judgment to plaintiffs ordering that the property owned by the parties should be partitioned through a sale and not partitioned in kind.
The parties, who are related, own various contiguous lots in Middletown and Holmdel townships totalling approximately 11 acres fronting on Route 35 in Monmouth County. The property was accumulated piecemeal over a period of approximately 20 *409 years in varying degrees of ownership. In total, Becker now holds title to approximately 33% while Renee holds title to 17% and Harry holds title to the remaining 50%.
The parties assertedly became co-venturers whereby they sought to develop and sell the total property as one major developable tract for commercial development and to divide the profits amongst themselves, on a more or less equal basis. The parties discussed sales with prospective buyers over a period of several years but they were unable to agree on the terms of any sale.
Suit then was started by the plaintiffs to obtain a partition and Becker counterclaimed, seeking a declaration establishing the joint venture and its terms and an award of damages for the breach thereof. After suit was started the parties acquired a prospective purchaser, New Market Development Company, Ltd., for the development of a shopping center. However, Becker was reluctant to sign an agreement with New Market because he wanted to maintain an ownership interest in the property through continued joint venture participation. However, Harry and Renee did not want to participate because they did not want to be subject to the risks associated with the development of a retail shopping center. As a result, Becker, who previously appeared to have been content with a sale of the property as a method of partition, then expressed his preference for a physical partition of the property so that he could retain an equity interest. To that end he even submitted a report by an engineering, planning and surveying firm which suggested dividing the property in such a way that he would retain an approximate one-third interest.
However, the trial court apparently rejected such a partition in kind based partially on Becker's previous position that a sale should take place, and instead granted Harry and Renee's motion for summary judgment for a partition by a sale of the entire property and a subsequent division of the money proceeds. The court-ordered auction was held on September 1, *410 1989 with only the bid from New Market deemed to be acceptable. Accordingly, on September 12, 1989, the parties entered into a written agreement of sale with New Market. However, based on a subsequent report that the property comprised 37% wetlands, New Market, in accordance with the contract, lawfully terminated the agreement.
Defendant asserts that the trial court erred when it granted summary judgment to plaintiffs ordering a partition by sale because there were disputed issues of material fact.
It is axiomatic that summary judgment will be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2; Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 74-75, 110 A.2d 24 (1954). Thus, we must determine whether there was a genuine issue of material fact and, if not, whether the motion judge's ruling on the law was correct. Vallillo v. Muskin Corp., 218 N.J. Super. 472, 474-475, 528 A.2d 53 (App.Div. 1987), certif. denied 109 N.J. 496, 537 A.2d 1287 (1987). So guided, our review of the record shows that there were genuine issues of material fact which made a summary judgment disposition inappropriate.
One issue of material fact was the scope and intention of the joint venture entered into by the parties and how it might have affected the partition rights. No written agreement was produced below, nor was testimony taken concerning the venture. Yet, the plaintiffs argued that the joint venture agreement bound the parties to sell the property. This may well be so since implied and express agreements may limit or modify the right to partition. Michalski v. Michalski, 50 N.J. Super. 454, 462, 142 A.2d 645 (App.Div. 1958). However, it is impossible to definitively determine the parties' intention with respect to the joint venture and how it was to affect partition, if at all. In this regard, it has been observed that summary judgment is to *411 be granted with caution especially when subjective elements, such as intent, are involved. Exxon Corporation v. Wagner, 154 N.J. Super. 538, 541, 382 A.2d 45 (App.Div. 1977). Cf. Robinson v. Evans, 554 A.2d 332, 338 (D.C.App. 1989) (the intent of the parties to limit the right of either to seek a partition of the property raised a material issue of fact).
Another material fact issue was whether the property was capable of being physically partitioned. The question of whether a partition will greatly prejudice the interests of the owners is "purely a question of fact, and must be determined upon the facts conceded and established by the evidence." Stapler v. Hollister, 82 N.J. Eq. 7, 12, 87 A. 335 (Ch. 1913). Given the meager record here the matter should not have been resolved by summary judgment. Evidence to elucidate whether the property is susceptible of being divided in kind is required. 59A Am.Jur.2d Partition § 134 (1987).
Defendant also argues that the trial court improperly shifted the burden of proof to him to establish that the property should be partitioned in kind. General rules governing burden of proof apply in partition actions. 68 C.J.S. Partition § 101 (1950). The burden of proof to establish the necessity for a partition sale, rather than a partition in kind, is on the party alleging the necessity and advisability of such a sale. 59A Am.Jur.2d, supra, § 192. However, regardless of the assignment of any burden of proof, the trial court appeared to have determined as a fact that the parties eventually had agreed to a sale rather than a partition in kind and that this was binding. Cf. Bistricer v. Bistricer, 231 N.J. Super. 143, 555 A.2d 45 (Ch.Div. 1987). However, that was not clear on this record and the issue remains whether the property should be partitioned in kind or partitioned by sale.
Getting back to the substantive issue, however, defendant complains because the trial court did not hold an evidentiary hearing concerning the appropriate method of partitioning the *412 property, and also because it took the view that it lacked the power to partition the tract as a whole.
With respect to defendant's request for a partition in kind, the trial judge stated:
I am absolutely satisfied that there is no need for a hearing on that score. That anybody in his right mind would realize that this property cannot in a realistic sense be physically partitionable....
[T]he important thing to any judge is whether you can chop it up, physically subdivide it without great prejudice to the owners thereof. And the answer is obviously, no, you cannot. This is a tract which I said has been diligently assembled by the parties. They put it together. It used to be disassembled.... And the reason they put the whole thing together is quite obviously [sic] to anybody with a modicum of common sense that it's much more valuable as a unified whole. And they know it and I know it. And the argument that, no, Judge now stop and get a survey out there and chop it up and sell it in little pieces is nonsense.
Generally, the right to partition is absolute and does not yield to any condition of hardship, inconvenience or difficulty. 4 Thompson on Real Property § 1822, at 278 (5th ed. 1979). Accordingly, the right of partition is a remedial right and should be construed liberally. Id. at 282. Furthermore, the law favors partition in kind. Id. at 319; 4 Pomeroy's Equity Jurisprudence § 1390, at 1019 (5th ed. 1941). See also Davidson v. Thompson, 22 N.J. Eq. 83, 84 (Ch. 1871). However, a partition in kind should not be ordered where it would be detrimental to the interests of the joint owners. 4 Thompson on Real Property, supra, § 1822 at 281. Partition sales may be ordered if it is found that the property is so situated that it is not suitable for division by metes and bounds, or that because of the small size of a party's interest, partition in kind would be impracticable. 59A Am.Jur.2d supra, § 194. Hotchkin v. Hotchkin, 105 N.J. Super. 475, 253 A.2d 184 (Ch.Div. 1969).
In New Jersey, by statute, a court "may, in an action for the partition of real estate, direct the sale thereof if it appears that a partition thereof cannot be made without great prejudice to the owners...." N.J.S.A. 2A:56-2. This same concept is continued in R. 4:63-1. Thus, in New Jersey, partition *413 remains primarily a matter of statute although it is also said to be an inherent power of the court's equitable jurisdiction. Newman v. Chase, 70 N.J. 254, 263, 359 A.2d 474 (1976). In sum, before a partition sale may be ordered, a finding is usually required that a division cannot be made without prejudice to the parties, or that a sale will better promote the interest of the parties. 59A Am.Jur.2d, supra, § 194; 4 Thompson on Real Property, supra, § 1828 at 316-317 (footnotes omitted). In this instance, the trial court's sole rationale was that the tract was "diligently assembled by the parties" and therefore the tract now was much more valuable as a unified whole. This was not established by any admissible evidence.
Finally, we note that a court has the power to partition the property in kind, regardless of the individual lot lines. Cf. Leonard v. Leonard, 124 N.J. Super. 439, 441-442, 307 A.2d 625 (App.Div. 1973). Thus, any suggestion that the trial court here may have lacked the power to partition the property in kind is not sustainable.
Accordingly, the decision of the trial court is reversed, and the matter remanded so that a plenary hearing can be held on the proper method of partitioning this property. In this vein, the trial court may desire to appoint one or more commissioners to determine the best method of dealing with the partition. R. 4:63-1.
Reversed and remanded.