**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0870-22

SYLWIA HUSAK,

    Plaintiff-Respondent,

v.

ROBERT SENIUK,

    Defendant-Appellant.

_____

Submitted March 11, 2024 – Decided March 25, 2024

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000001-21.

Miller, Meyerson & Corbo, attorneys for appellant (Gerald D. Miller, on the briefs).

Welt & Kuzemczak, attorneys for respondent (Jerry Kuzemczak, on the brief).

PER CURIAM

This case involving the partition of real estate was tried before a judge in the Chancery Division over three days in July 2022. After considering the parties' written summations, the Chancery judge issued a twelve-page decision and corresponding order on October 28, 2022. The judge divided the property by percentage shares, adjusted by certain monetary credits she awarded to plaintiff and other credits she awarded to defendant. The judge also ordered the parties to bear the closing costs of the property by the same percentage shares.

Defendant appeals numerous aspects of the court's decision, contending he is entitled to recover a higher amount. For the reasons that follow, we affirm the trial court in nearly all respects, but remand solely with regard to two matters.

I.

The dispute concerns a residential building in Jersey City. It was purchased in March 2011 for $445,000. The property grew in value and, by the time of trial in 2022, it was worth over an estimated $1,200,000.

The premises were purchased in 2011 by defendant Robert Seniuk and his wife, Magdalena Husak.[1] At the time of the purchase, plaintiff Sylwia Husak,

---

[1] Because of the family relationship, we refer at times to the parties and relatives by first name for clarity, intending no disrespect.

A-0870-22

Magdalena's sister, was engaged to Andriy Shtybel. According to the trial testimony, Andriy agreed to co-sign the mortgage loan because he had a steady job and a better credit rating than Robert and Magdalena. The deed listed Robert and Andriy as tenants in common.

Although Andriy advanced money to acquire the property, Robert and Magdalena claimed they paid him for the funds he laid out, and therefore asserted they owned the premises. They also claimed to pay for the home's expenses, including renovations and upkeep. The four individuals lived in the building. They made a number of renovations to the premises, and Robert contends he made the most difficult and extensive ones.

Eventually Sylwia and Andriy, who are co-parents of a child, ended their relationship. Sylwia's relationship with her sister Magdalena and her brother-in-law Robert also deteriorated.

Robert and Magdalena felt that Sylwia had failed to pay her share of joint expenses for the house, causing them financial strain. They persuaded Sylwia to sign a document stating that she would pay thirty percent of the bills if she wanted to remain in the property. She allegedly failed to make such payments.

Andriy gave a quitclaim deed conveying his possible interest in the house to Sylwia for $1.00. However, Sylwia altered the deed and made it appear as if

A-0870-22

she had paid him $144,000, perhaps hoping that alleged higher payment would be advantageous to her in Family Part proceedings with Andriy. Consequently, Sylwia was charged in a criminal complaint with forgery. The criminal matter resolved by Sylwia being admitted to the Pretrial Intervention program ("PTI") and agreeing to pay restitution of $25,000 to Andriy.

As it was apparent the property needed to be sold, Sylwia brought this partition action against Robert. Sylwia was represented in the case by counsel, and Robert was self-represented. They both testified at the bench trial. Magdalena and Andriy were not parties, although they also testified. The individuals are of Polish descent, and they utilized a court interpreter during the proceedings.

Sylwia initially requested in her complaint a fifty percent interest in the property, but later agreed to receive only a thirty percent share. The other seventy percent share was allocated to Robert. Sylwia and Robert each claimed they were entitled to credits and other financial adjustments to increase their respective shares.

At the conclusion of the trial, the judge adopted the thirty/seventy percent allocation. The judge further awarded Sylwia a credit of $7,054.60 and awarded

A-0870-22

Robert a credit of $3,931.06.  The judge rejected all other adjustments advocated by the parties.  She also ordered the sale of the premises.

Among other findings, the judge made these salient observations in her written opinion:

> At various times, <u>each party</u> performed repairs, renovations or routine maintenance to the premises. <u>Each party</u> . . . performed the work and each party purchased materials.  <u>It is also the conclusion of this court that the materials purchased were ordered, invoiced and signed for by one or more of the parties for the benefit of all the parties</u>.  The materials purchased and services invoiced by third parties were to renovate or repair the subject property and enhance the value thereof.
>
> [(Emphasis added).]

The judge further determined that "[t]he ministerial act of ordering materials and paying for them is not determinative of how much each party to this case is liable for.  Rather, the agreement between the parties is what controls."

The judge found that since "no competent evidence [was] offered to prove" the parties had "any agreement regarding compensation" for labor provided during renovations of the property, no party was entitled to credits for their "sweat equity."  The judge "decline[d] to acknowledge any amount claimed for renovation . . . that was not substantiated by documentary proofs such as the amounts listed in [plaintiff's exhibits] P9 and P10."  The judge further concluded

5

that "[c]laims for such credits . . . fail to conform to the burden of proof—that being preponderance of the credible evidence—without documentary 'back-up' to substantiate [the] same."

Now represented by counsel on the appeal, Robert contends the trial judge made several errors and that he is entitled to a greater amount of the property's value. One of his main arguments is that the judge wrongfully denied his claim of "sweat equity" for renovation work he performed on the premises. He contends the court unfairly refused to admit into evidence over $200,000 in receipts he claimed were for materials he bought with his own funds for the renovations. He also quarrels with other facets of the judge's written decision.

Specifically, Robert enumerates the following points in his brief:

POINT I

THE COURT'S FINDING OF FACTS 11 AND 13 WERE ERRONEOUS AND THERE WAS NO EVIDENCE IN THE RECORD TO SUPPORT SUCH FINDINGS.

POINT II

DEFENDANT ROBERT SENIUK SHOULD HAVE RECEIVED A CREDIT FOR THE MONIES HE AND HIS WIFE EXPENDED FOR THE DOWNPAYMENT AND CLOSING COSTS.

6

POINT III

THE COURT FAILED TO ADDRESS WHO REPAID
THE SIXTY THOUSAND DOLLAR LOAN.

POINT IV

THE TRIAL COURT ERRONEOUSLY FAILED TO
CREDIT ROBERT SENIUK FOR HIS LABOR
RENOVATING THE PROPERTY.

POINT V

THE COURT ERRONEOUSLY GAVE A CREDIT TO
PLAINTIFF FOR 30 PERCENT OF THE $8,000 BILL
FROM M&W CONSTRUCTION INSTEAD OF
GIVING THE CREDIT TO DEFENDANT FOR 70
PERCENT OF THE BILL.

POINT VI

FINDING OF FACT 19 CONCERNING THE VAN
HORNE STREET PROPERTY WAS IN ERROR.

POINT VII

THE COURT ERRED IN NOT PERMITTING
ROBERT SENIUK TO INTRODUCE THE RECEIPTS
AND CHECKS FOR THE MATERIALS HE HAD
PURCHASED FOR RENOVATING THE
PROPERTY.

Sylwia has not cross-appealed. She urges that we affirm the decision in

all respects. She contends that any errors proven by Robert on appeal are minor

and harmless.

A-0870-22

II.

Partition is an equitable doctrine. <u>Newman v. Chase</u>, 70 N.J. 254, 263 (1976). It concerns the division of competing interests that parties claim to have in property, either as co-owners or co-tenants. <u>See</u> N.J.S.A. 2A:56-1; <u>Swartz v. Becker</u>, 246 N.J. Super. 406, 412 (App. Div. 1991).

"In the exercise of this power [of partition] our courts of equity have not hesitated to exercise discretion as to the particular manner in which partition is effected between the parties." <u>Newman</u>, 70 N.J. at 263; <u>see also</u> <u>Baker v. Drabik</u>, 224 N.J. Super. 603, 609 (App. Div. 1988). For instance, a court may equitably reduce a tenant's share in the property where his or her co-tenant has made expenditures for taxes, mortgage interest, repairs, or other items necessary to maintain or enhance its value. <u>See</u> <u>Baird v. Moore</u>, 50 N.J. Super. 156, 164-65 (App. Div. 1958).

Our standard of review of the terms of partition ordered by a Chancery judge is limited. In those equitable contexts, we generally will not set aside the judge's determination unless it is shown to be arbitrary or capricious or an abuse of discretion. <u>See</u> <u>In re Queiro</u>, 374 N.J. Super. 299, 307 (App. Div. 2005) (affording "great deference" to a chancery judge's findings); <u>Lohmann v.</u>

Lohmann, 50 N.J. Super. 37, 44-45 (App. Div. 1958) (observing that a trial court's factual determinations should not be lightly disturbed on appeal).

It is also fundamental that a trial error will not be ground for reversal if it was "harmless error." Willner v. Vertical Reality, Inc., 235 N.J. 65, 79 (2018). "[T]rials . . . are not tidy things. The proper and rational standard is not perfection . . . no trial can ever be entirely free of even the smallest defect. Our goal, nonetheless, must always be fairness.'" State v. R.B., 183 N.J. 308, 333-34 (2005) (quoting Lutwak v. United States, 344 U.S. 604, 619 (1953)).

These principles are codified in Rule 2:10-2, known as the harmless error rule. It instructs that "[a]ny error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result." Ibid.

We also must afford substantial deference to the presiding judge's unique perspective as the trier of fact, and her ability to evaluate, first-hand, the demeanor and credibility of the trial witnesses. "Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review . . . ." Seidman v. Clifton Sav. Bank, 205 N.J. 150, 169 (2011). An appellate court shall "not disturb the factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly

9

unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting In re Tr. Created by Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)); see also Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974).

Applying these well-established principles in light of the trial record and the law, we affirm the trial court's October 28, 2022 decision, except for two aspects. Those aspects relate to findings of fact numbered 11 and 13 within the judge's decision. In those findings, the judge mis-named Magdalena Husak, instead of her sister Sylwia Husak, as the person against whom criminal charges of forgery had been brought and who had been admitted to PTI and ordered to pay restitution. Despite this misattribution, it is otherwise clear in the opinion that the judge understood which sister had been in the criminal process, and the judge did not discount Magdalena's testimony as that of a criminal offender. Indeed, in numbered findings 36 and 37, the judge relied on Magdalena's testimony as confirming and corroborating certain relevant facts.

Defendant requests that, at the very least, we remand this matter to require the trial judge to correct her opinion as to findings 11 and 13. Plaintiff does not oppose such a correction.

Having considered the error of misattribution in context, we conclude that the trial court must also reexamine one other aspect of its decision. Specifically, the trial court should reconsider whether a $8,000 bill invoiced by a subcontractor, M&W Construction, was actually paid by Sylwia (as the court found), rather than by Magdalena. The signature on that bill was hotly disputed at trial. If, on further reflection, the court finds the identity of the payor should be corrected, then it should consider whether a further mathematical adjustment of the parties' credits is warranted.

Beyond those discrete items, we discern no grounds to alter the trial court's decision. On the whole, the decision is otherwise supported by substantial credible evidence, and the outcome is well within the zone of the Chancery court's broad equitable powers.

We do offer comments about defendant's argument that the court unfairly deprived him of an opportunity to place in evidence the receipts he identified as substantiating expenses he incurred for construction materials and supplies. The court did not act unfairly regarding those receipts.

The case management order issued in November 2021 eight months before trial required all exhibits to be identified and pre-marked, in accordance with Rule 4:25-7 and Appendix XXIII to that Rule. Although defendant apparently

11

knew how to do this for the thirty-two other exhibits he identified in his pretrial submission, he neglected to list these particular invoices. In addition, defendant failed to make a proffer of the excluded proofs, as required by Rule 1:7-3. It is not fair to plaintiff to reopen the record now. Moreover, defendant will receive the lion's share (i.e., seventy percent) of the appreciated value of the property when it is sold, so his claimed expenditures that improve the property will largely, if not fully, work to his advantage.

We have considered all the other arguments raised, and conclude they lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E). The trial court shall issue a revised opinion and final judgment within forty-five days.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0870-22