**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2676-22

PAUL D. DIGIACOMO,

    Plaintiff-Respondent,

v.

CLIFFORD A. FORMAN,
a/k/a CLIFF FORMAN, BIZ
MANAGEMENT, LLC, a New
Jersey Limited Liability Company,
and 27 WEST LAKE SHORE
DRIVE LLC, a New Jersey Liability
Company,

    Defendants-Appellants.

_____

Submitted November 6, 2024 – Decided December 27, 2024

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000018-21.

McHugh and Brancato, LLP, attorneys for appellants (Mark J. Brancato, on the brief).

Paul D. DiGiacomo, respondent pro se.

PER CURIAM

In this partition action, defendants Clifford A. Forman, Biz Management, LLC, and 27 West Lake Shore Drive, LLC appeal from the motion court's orders granting summary judgment to plaintiff, Paul DiGiacomo, and denying their motion for reconsideration. The motion court found defendants failed to comply with Rule 4:46-2(b), and further found no triable issue on the merits. Relying on undisputed facts, the trial court found the parties entered into a joint venture with the intent to purchase property and then sell it for profit. Finding the venture had been terminated, the trial court ordered the partition of the property by sale. We affirm in part, and remand for proceedings consistent with this opinion.

I.

We glean the following salient facts from the motion record, viewed in the light most favorable to plaintiff as the non-moving party. Padilla v. Young Il An, 257 N.J. 540, 547 (2024) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). At some unidentified point, plaintiff and defendant Forman, in his capacity as manager of Biz Management, LLC, entered into an agreement to purchase real property. However, the sale was impeded due to a second mortgage on the property. Devising a workaround, the parties agreed to

2

acquire the property by purchasing an assignment of the first mortgagee's note and mortgage on the property and then step into the shoes of the first mortgagee and complete an extant action being pursued against the second mortgagee.

On May 12, 2016, Forman sent an offer letter to the first mortgagee to purchase an assignment of its note and mortgage for $165,000, designating plaintiff as the primary contact. Between July and October 2016, plaintiff communicated with several parties regarding the transaction. On October 17, 2016, Forman signed a cashier's check for $165,000. The first mortgagee executed the assignment of the note and mortgage to Biz Management. Biz Management acquired the deed to the property via sheriff's sale on August 17, 2017, and recorded the deed on September 29, 2017. Biz Management then conveyed the property to 27 West Lake Shore Drive, LLC on October 3, 2017.

On December 10, 14, and 28, 2020, plaintiff attempted to contact Forman to discuss the property and what he believed to be their agreement to sell the property and split any profits. Forman responded on December 28, stating that he would no longer be speaking with plaintiff.

Plaintiff sued, alleging that a joint venture existed between him and defendants to buy the property and then sell it. Plaintiff asserted that Forman's refusal to speak with him represented a dissolution of the joint venture, which

3

required that the property be partitioned by sale so that he could receive half of the sale profits. In the alternative, plaintiff also argued that, if a joint venture did not exist, he was still entitled to unjust enrichment or quantum meruit.

Plaintiff moved for summary judgment on the partition and unjust enrichment claims, and the court granted the motion as to the partition claim. The motion court found that, because defendants' response to plaintiff's summary judgment motion did not comply with Rule 4:46-2(b), all of plaintiff's allegations were admitted as true. Applying the undisputed facts to the joint venture test articulated in Wittner v. Metzger, 72 N.J. Super. 438 (App. Div. 1962), the court found the parties had formed a joint venture. Next, finding the joint venture had ended, the court ordered the property be partitioned by sale and the proceeds divided in half between plaintiff and defendants.

Defendants sought reconsideration, filing an amended response to plaintiff's summary judgment motion, including certain new exhibits and certifications. The motion court denied the reconsideration motion.

Defendants appeal both the motion court's order granting partition and denying reconsideration. They argue that the court erred in granting summary judgment, and in denying reconsideration.

4

II.

In reviewing a court's decision to grant or deny a motion for summary judgment, we apply the same standard governing the trial courts. Boyle v. Huff, 257 N.J. 468, 477 (2024) (citing Samolyk v. Berthe, 251 N.J. 73, 78 (2022)). Under these standards, courts should grant a motion for summary judgment if they find that "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46–2(c).

"When no issue of fact exists, and only a question of law remains, [appellate courts] afford[] no special deference to the legal determinations of the trial court." Boyle, 257 N.J. at 477 (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

Reconsideration is "within the sound discretion of the [trial court], to be exercised in the interest of justice." Matter of Belleville Educ. Ass'n., 455 N.J. Super. 387, 405 (App. Div. 2018) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). When reviewing the denial of a motion for reconsideration, we look for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)).

III.

A.

Defendants argue their opposition to plaintiff's motion for summary judgment complied with <u>Rule</u> 4:46-2 and raised genuine issues of material fact. We disagree. We look to <u>Rule</u> 4:46-2(b), which states:

> A party opposing the motion shall file a responding statement either admitting or disputing each of the facts in the movant's statement. Subject to <u>R[ule]</u> 4:46-5(a), all material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion only, <u>unless specifically disputed by citation conforming to the requirements of paragraph (a) demonstrating the existence of a genuine issue as to the fact</u>.

> [(emphasis added).]

An opposing party's responding statement must cite to a portion of the motion record and that citation "shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on." <u>R.</u> 4:46-2(a).

Additionally, if a moving party has supported their motion for summary judgment by affidavit or certification pursuant to <u>Rule</u> 4:46-5, "an adverse party may not rest upon the mere allegations or denials of the pleading, but must respond by affidavits meeting the requirements of <u>R[ule]</u> 1:6-6 or as otherwise

6

provided in [Rule 4:46-5] and by R[ule] 4:46-2(b), setting forth specific facts showing that there is a genuine issue for trial." R. 4:46-5(a).

In support of his summary judgment motion, plaintiff filed his certification, nearly 500 pages of exhibits, and a statement of material facts. In contrast, defendants did not cite to the motion record in their responding statement or provide affidavits or certifications. Having failed to comply with Rule 4:46-2(b) and Rule 4:46-5(a), defendants failed to dispute any of the material facts alleged by plaintiff. The motion court did not abuse its discretion when it made this determination.

B.

Defendants next argue before us that the court erred by declining to consider their "Revised Response to Plaintiff's Statement of Material Facts" on reconsideration. We are unpersuaded. We start with our well-settled jurisprudence on the subject.

> Motions for reconsideration are governed by Rule 4:49-2. Reconsideration is a matter to be exercised in the trial court's sound discretion. Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987), certif. denied, 110 N.J. 196 (1988). "A litigant should not seek reconsideration merely because of dissatisfaction with a decision of the [c]ourt." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). "Reconsideration should be utilized only for those cases . . . that fall within that narrow corridor in which

either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid.

Reconsideration cannot be used to expand the record and reargue a motion. Reconsideration is only to point out "the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2. A motion for reconsideration is designed to seek review of an order based on the evidence before the court on the initial motion, R. 1:7-4, not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record. Cummings, 295 N.J. Super. at 384.

[Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299 (App. Div. 2008) (emphasis added).]

When we examine defendants' arguments through the lens of these reconsideration principles, we find them without merit. We cannot conclude that the trial court's rejection of defendants' "revised" opposition to summary judgment during reconsideration was an abuse of its discretion. This leaves us with an undisputed factual record.

C.

With the relevant facts established, we turn to the court's joint venture analysis. To determine whether a joint venture exists between parties, we look to see if "some or all" of the following elements exist:

8

1) a contribution by the parties of money, property, effort, knowledge, skill, or other assets to a common undertaking; 2) a joint property interest in the subject matter of the venture; 3) a right of mutual control or management of the enterprise; 4) an expectation of profit; 5) the right to participate in profits; and 6) limitation of the objective to a single undertaking.

[Ernest Bock & Sons-Dobco Pennsauken Joint Venture v. Twp. of Pennsauken, 477 N.J. Super. 254, 266 (App. Div. 2023) (citing Wittner, 72 N.J. Super. at 444).]

We consider this question using a standard of de novo review. Boyle, 257 N.J. at 477. Here, the undisputed record shows the parties formed a joint venture for the single purpose of acquiring property to sell it for profit. Forman supplied the necessary capital, while plaintiff facilitated the acquisition. The parties agreed that the profit would be shared evenly. When Forman refused to speak with plaintiff, the joint venture ended.

We conclude that a joint venture was formed and then ended for substantially the same reasons expressed by the motion court in its written statement of reasons. After our careful review of the record, we conclude the motion court properly applied the facts to the law on this point and we find no error.

D.

Finally, we consider the remedy. Partition of property can be an appropriate solution upon termination of a joint venture. Mitchell v. Oksienik, 380 N.J. Super. 119, 127 (App. Div. 2005) ("As joint venturers, . . . parties are entitled to seek a partition of their property when their joint enterprise comes to an end, irrespective of how title is formally held."). However, we note the motion court did not place on the record findings of fact and conclusions of law to support the portion of its order which directed that the property be partitioned by sale. See Swartz v. Becker, 246 N.J. Super. 406, 410-13 (App. Div. 1991) ("[B]efore a partition sale may be ordered, a finding is usually required that a division cannot be made without prejudice to the parties, or that a sale will better promote the interest of the parties."). Therefore, we are constrained to remand this matter to the motion court for purposes of developing the record on the sole issue of whether the property should be partitioned in kind or by sale pursuant to N.J.S.A. 2A:56-2.

We leave to the sound discretion of the motion court the question of how it will develop the partition record on remand. Possible methods for the court's development of the record include but are not limited to: supplementing its statement of reasons on the record without more; soliciting additional

A-2676-22

submissions from counsel and hearing argument; or conducting a plenary hearing consistent with our Rules of Court.

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION